# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

BRIAN W. PATTERSON, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-15-243-D
 )
OKLAHOMA DEPARTMENT )
OF CORRECTIONS; )
DIRECTOR ROBERT PATTON, )
 )
       Defendants. )

## REPORT AND RECOMMENDATION

Without first filing a civil rights complaint, Plaintiff filed a one-page document entitled "Writ of Mandamus to Petition Temporary Injunction Order." Doc. 1. Plaintiff explains that officials will soon transfer him to the Lexington Correctional Center,[1] and he asks the court to issue an order preventing Defendants from cutting his hair on arrival. *Id.* United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned recommends that the court dismiss the action without prejudice.

---

[1] The undersigned judicially notices that Plaintiff arrived at the Lexington Assessment and Reception Center on March 24, 2015. *See* http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=265446&offender_book_id=155795 (last visited March 31, 2015).

## I. The pleading's construction.

The title to Plaintiff's document combines language from three distinct actions: a writ of mandamus, a temporary restraining order, and a preliminary injunction. Doc. 1. The undersigned construes the document as requesting a temporary restraining order.

Section 1361 of United States Code Title 28 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* Thus, § 1361 provides "[n]o relief against state officials or state agencies[.]" *Amisub (PSL), Inc. v. State of Colo. Dep't of Social Servs.*, 879 F.2d 789, 790 (10th Cir. 1989). Because Plaintiff has named as Defendants a state agency and a state officer, the undersigned declines to construe Plaintiff's document as seeking a writ of mandamus.

Further, it appears to the undersigned that Plaintiff has not given Defendants any notice regarding his request for injunctive relief. The lack of notice places Plaintiff's request within the confines of a temporary restraining order, rather than a request for a preliminary injunction. *See* Fed. R. Civ. P. 65(a)(1), (b)(1).

## II. Lack of available relief.

Plaintiff requests a temporary restraining order but has not filed a civil rights complaint. "The Federal Rules of Civil Procedure make clear that *only* a properly-filed 'complaint' can commence a civil action." *Powell v. Rios*, 241 F. App'x. 500, 505 n.4 (10th Cir. 2007) (citation omitted). Without an underlying complaint, this Court is powerless to grant Plaintiff any relief. *See id.* (rejecting plaintiff's claim that the district court erred in finding that he had "to file a complaint *in addition to* his motion for a temporary restraining order," because "[a]bsent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief"). So, the court should dismiss Plaintiff's action without prejudice. *See Cole v. Figueroa*, No. CIV-08-115-R, 2008 WL 542960, at *1-2 (W.D. Okla. Feb. 25, 2008) (unpublished order) (adopting magistrate judge's recommendation to dismiss plaintiff's request for injunction without prejudice on grounds that plaintiff had not filed an underlying complaint and the request for injunctive relief is therefore "treated as a nullity over which this Court has no jurisdiction").

## III. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends that the court dismiss Plaintiff's construed motion for temporary restraining order, Doc. 1, without prejudice.

The undersigned advises Plaintiff of his right to object to this report and recommendation by the 20th day of April, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make timely objection to this report and recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of the Court shall send Plaintiff a copy of this recommendation to: Lexington Assessment and Reception Center, P.O. Box 260, 15151 Highway 39, Lexington, Oklahoma, 73051.

This report and recommendation terminates the court's referral to the undersigned Magistrate Judge.

ENTERED this 31st day of March, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE